## A10A1077. BROOKS v. THE STATE.
(696 SE2d 110)

JOHNSON, Judge.

After a jury trial in June 2001, Anthony Brooks was convicted of battery, rape and false imprisonment. Brooks moved for a new trial, and on October 22, 2002, the trial court granted the motion due to ineffective assistance of trial counsel. On November 15, 2002, Brooks' lawyer filed a request for permission to file a speedy trial demand. On November 20, 2002, the lawyer withdrew and a new attorney was appointed to represent Brooks. On or about that same day, Brooks was released from confinement on bond. In August or September 2003, the case appeared on a trial calendar. However, the case did not proceed to trial, and several months later Brooks' attorney withdrew and another lawyer was appointed to represent him.

---

[22] See *Killings v. State*, 296 Ga. App. 869, 872-874 (3) (676 SE2d 31) (2009).

While out on bond, Brooks was twice arrested and charged with felony offenses unrelated to the original charges for which he was tried in 2001. In 2004, he was charged with and convicted of possession of cocaine. In 2007, he was indicted for aggravated battery, a case that is still pending. Also, several years after the motion for new trial was granted in the 2001 case, the original trial judge passed away, and the case was assigned to two different judges.

On September 30, 2009, Brooks filed a plea in bar and motion for discharge and acquittal, claiming a denial of his right to a speedy trial. The trial court denied the plea in bar and motion. Brooks appeals, contending that the trial court's ruling was erroneous because his constitutional right to a speedy trial was violated by the lapse of approximately seven years since his motion for a new trial was granted.

Brooks' constitutional speedy trial claim must be analyzed under the following four-part balancing test established by *Barker v. Wingo*:[1]

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right [to speedy trial]; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if [Brooks'] constitutional right to a speedy trial has been abridged.[2]

On appeal, a trial court's denial of a motion for discharge and acquittal based on an alleged speedy trial violation is reviewed under an abuse of discretion standard.[3]

(a) *Length of delay*: The initial inquiry is whether the length of the delay creates a presumption of prejudice.[4] As the state concedes, the approximate seven-year period between the grant of Brooks' motion for a new trial and the filing of the plea in bar and motion for discharge and acquittal is presumptively prejudicial.[5] Therefore, the other three *Barker* factors must be considered.[6]

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[2] (Citations omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008).

[3] *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995).

[4] *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

[5] See *Brannen v. State*, 274 Ga. 454, 455 (553 SE2d 813) (2001) (presumption of prejudice where there was a delay of 52 months).

[6] See *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008).

(b) *Reason for delay*: This factor addresses the issue of

> whether the government or the criminal defendant is more to blame for the delay. Deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant: If delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine. . . . That rule accords with the reality that defendants may have incentives to employ delay as a defense tactic: delay may work to the accused's advantage because witnesses may become unavailable or their memories may fade over time.[7]

In this case, since Brooks filed his motion for a new trial, he has had at least four different attorneys. The attorney who represented him for most of that time, from 2003 to 2007, testified that he did not recall ever meeting with Brooks or the district attorney about the case, and that he did not do anything to move the case forward because "it was a sleeping dog and it was — it was laying like a sleeping dog." Thus, delay was clearly a defense tactic that must weigh against Brooks.[8]

However, the government also shares responsibility for the delay in the case. After the judge who presided over the first trial passed away, the case was assigned to various judges. "Such delay [from changing judge assignments] weighs minimally against the State."[9] Moreover, for a period between 2008 and 2009, the state could not locate its file on the case. But as Brooks acknowledges, there is no evidence that the state deliberately attempted to delay the trial. Rather, it appears that the state was simply negligent in pursuing the case. "Thus, although part of the delay may be attributed to the State's negligence, this factor must be weighed as a relatively benign consideration against the State."[10] Having balanced the reasons for

---

[7] (Citations and punctuation omitted.) *Vermont v. Brillon*, ___ U. S. ___ (II) (129 SC 1283, 173 LE2d 231) (2009).

[8] Id. at ___ (III) (A) (assigned counsel's failure to move the case forward must be attributed to the defendant).

[9] (Citations omitted.) *Jakupovic v. State*, 287 Ga. 205, 207 (1) (b) (695 SE2d 247) (2010).

[10] (Citation and punctuation omitted.) *Henderson v. State*, 290 Ga. App. 427, 430 (1) (b) (662 SE2d 652) (2008).

the delay attributable to both the state and the defense, we conclude that "this *Barker* factor ultimately remains neutral."[11]

(c) *Assertion of right*: Approximately a month after the trial court granted the motion for a new trial, Brooks filed a request for special permission to file a speedy trial demand pursuant to OCGA § 17-7-171 (a). However, he did not obtain a ruling from the trial court on that request and has never filed a demand for speedy trial.[12] Indeed, he did not raise the issue again until he filed the plea in bar, nearly seven years after the motion for a new trial had been granted.

It is true that " 'the filing of a speedy trial demand is not a prerequisite for a plea in bar for failure to have a speedy trial on constitutional grounds.' [Cit.]"[13] However, even though such a demand is not a prerequisite for a plea in bar on constitutional grounds, it is still "the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant [under the *Barker* analysis]."[14] Accordingly, in this case, the delay in asserting the right to a speedy trial must be weighed against Brooks because he "filed no statutory demand for speedy trial pursuant to OCGA § 17-7-171 and did not raise his constitutional right to a speedy trial for [almost seven years] between [the grant of a new trial] and the filing of his motion to dismiss, in which he finally asserted the right."[15]

(d) *Prejudice to defendant*: "Finally, the prejudice to the defendant must be considered based on three factors: (1) whether there has been oppressive pre-trial incarceration; (2) the anxiety and concern of the accused; and (3) the possibility of harm to the accused's defense."[16] Brooks concedes that there was no oppressive pre-trial incarceration and nothing more than the usual anxiety and concern of an accused. However, he claims that his defense has been harmed because he is unable to locate two witnesses.

Contrary to Brooks' claim, despite the substantial delay in this case, there is not a presumption of actual prejudice because he failed to timely assert his right to a speedy trial and the defense contributed to the delay by intentionally not taking steps to move the "sleeping dog" case forward.[17] As for the two purportedly missing

---

[11] (Citation omitted.) *Robinson v. State*, 287 Ga. 265, 268 (1) (b) (695 SE2d 201) (2010).

[12] See *Abiff v. State*, 260 Ga. 434 (1) (396 SE2d 483) (1990) (where conviction reversed on appeal, speedy trial demand not valid absent special permission from the trial court).

[13] *Hayes v. State*, 298 Ga. App. 338, 345-346 (2) (c) (680 SE2d 182) (2009).

[14] *Henderson*, supra at 430 (1) (c).

[15] *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). See also *Henderson*, supra.

[16] *Bowling v. State*, 285 Ga. 43, 46 (1) (d) (673 SE2d 194) (2009).

[17] See *Harris v. State*, 284 Ga. 455, 456-457 (667 SE2d 361) (2008) (no presumption of

witnesses, one of them testified at the first trial, was subjected to a thorough cross-examination, and the state has agreed to stipulate to that witness' prior testimony. While actual testimony at a re-trial is certainly preferable, "by obtaining this stipulation, the trial court alleviated the prejudice alleged by [Brooks]."[18] With regard to the other witness, who did not testify at the first trial, Brooks "must show that [he] could supply material evidence for the defense. [Cit.]"[19] Brooks has failed to make this showing, and has thus failed to demonstrate harm to the defense.

Having balanced the four *Barker* factors, "we conclude that the trial court properly ruled that [Brooks] could not prevail on his claim that he was denied his constitutional right to a speedy trial."[20]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 1, 2010.

*Jennifer B. Ventry*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.

---

actual prejudice despite sixty-five-month delay where defendant waited five years to assert right to speedy trial); *Kramer v. State*, 287 Ga. App. 796, 799 (1) (652 SE2d 843) (2007) (six-year delay did not give rise to presumption of actual prejudice where record strongly indicated that defendant knowingly acquiesced in the delay).

[18] *Nelloms*, supra. Compare *State v. Allgood*, 252 Ga. App. 638, 641 (4) (556 SE2d 857) (2001) (prejudice shown where state would not stipulate to admissibility of missing witness' taped statements).

[19] *Ingram v. State*, 280 Ga. App. 467, 471 (1) (d) (634 SE2d 430) (2006).

[20] (Citation omitted.) *Nelloms*, supra.