295 Ga. 154
FINAL COPY

S14A0439. THE STATE v. ALEXANDER.

BLACKWELL, Justice.

Alfred Alexander was indicted in December 2004, and he was charged with malice murder, felony murder, and cruelty to a child in the first degree, all in connection with the death of his infant son, Elijah. In October 2005, a jury was impaneled in Catoosa County to try Alexander for these crimes, and the jury returned unanimous verdicts on the charges of malice murder and cruelty, finding Alexander guilty of the latter, but not guilty of the former. The jury was unable, however, to reach a unanimous verdict on the charge of felony murder, and so, that charge was mistried. The State could have insisted that Alexander promptly be retried for felony murder, but it did not. Instead, his case fell off the trial calendar — notwithstanding that the charge of felony murder still was pending — and it remained off the calendar for nearly eight years. In the meantime, Alexander was sentenced to a term of imprisonment for cruelty to a child, he sought and was denied a new trial on cruelty, he decided to forego an appeal of his conviction for cruelty, and in June 2009, he was released from prison on parole. Years later, the prosecuting attorney realized that Alexander never had been retried for felony

murder, and the State asked the trial court to put the case back on the trial calendar, which the court did in September 2013. Alexander promptly moved to dismiss the charge of felony murder, asserting that the delay in retrying him had worked a denial of his constitutional right to a speedy trial. Following a hearing, the trial court granted his motion on September 23, 2013.

The State appeals, contending that the trial court misapplied the principles set out in <u>Barker v. Wingo</u>, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and <u>Doggett v. United States</u>, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992), which guide a court in its consideration of whether a delay in bringing an accused to trial amounts to a denial of his right to a speedy trial.[1] As this Court recently explained in <u>State v. Buckner</u>, 292 Ga. 390 (738 SE2d 65) (2013):

> In Georgia, the application of these principles to the circumstances of a particular case is a task committed principally to the discretion of the trial courts, and it is settled law that our role as a court of review is a limited one. Under our precedents, we must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse

---

[1] The United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," U. S. Const., Amend. VI, and the Georgia Constitution likewise guarantees that, "[i]n criminal cases, the defendant shall have a public and speedy trial." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). The principles set out in <u>Barker</u> and <u>Doggett</u> apply equally to a claimed denial of the right to a speedy trial under the United States Constitution and to a claimed denial of the same right under the Georgia Constitution. <u>Redd v. State</u>, 261 Ga. 300, 301, n. 1 (404 SE2d 264) (1991).

2

of discretion, even though we might have reached a different conclusion were the issue committed to our discretion.

292 Ga. at 391 (citations and footnote omitted). See also State v. Porter, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011). In this case, the trial court entered a detailed order, in which it carefully and thoroughly explained its reasons for concluding that Alexander was denied his right to a speedy trial. Upon our review of the record, we cannot say that the trial court clearly erred in its assessment of the relevant facts, and we cannot say that its ultimate conclusion amounts to an abuse of discretion. Accordingly, we affirm the judgment of the trial court.

1. According to Barker and Doggett, when an accused moves to dismiss his case for a denial of his right to a speedy trial, a court first must consider whether the case has been delayed for long enough to raise a presumption of prejudice and to warrant a more searching judicial inquiry into the delay. See Doggett, 505 U. S. at 651-652 (II). See also Barker, 407 U. S. at 530-531 (IV); Buckner, 292 Ga. at 392 (2); State v. Johnson, 291 Ga. 863, 864 (1) (734 SE2d 12) (2012); State v. Pickett, 288 Ga. 674, 675 (2) (a) (706 SE2d 561) (2011). In the usual case, the courts measure the delay from the time the accused is arrested or formally charged by accusation or indictment, whichever occurs first. Scandrett v. State, 279 Ga.

632, 633 (1) (a) (619 SE2d 603) (2005). But in a case like this one — a case in which the accused does not complain of the delay in bringing his case initially to trial, but he complains instead of the delay of a retrial of his case following a mistrial — the courts measure the delay from the time of the mistrial. Brewington v. State, 288 Ga. 520, 521 (2) (705 SE2d 660) (2011). A delay approaching one year is sufficient in most cases to raise a presumption of prejudice and to warrant a more searching inquiry. See Doggett, 505 U. S. at 652 (II), n. 1. But see also Barker, 407 U. S. at 530-531 (IV) ("[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."). Here, following the mistrial in October 2005, nearly eight years passed before the case was restored to the trial calendar, Alexander moved to dismiss the case, and the trial court granted his motion, all in September 2013. The trial court properly found that this delay raises a presumption of prejudice and that a more searching inquiry is warranted. See Ruffin v. State, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008).

2. When a delay raises a presumption of prejudice, a court then must consider "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course,

4

the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett, 505 U. S. at 651 (II). See also Barker, 407 U. S. at 530-533 (IV); Buckner, 292 Ga. at 393 (3); Johnson, 291 Ga. at 864 (2); Pickett, 288 Ga. at 675 (2) (a). Of these factors, no one is dispositive. Instead, the court must weigh all four factors, along with any other relevant circumstances, in "a difficult and sensitive balancing process." Barker, 407 U. S. at 533 (IV). See also Pickett, 288 Ga. at 675 (2) (a). Weighing these factors, as we noted earlier, is committed to the substantial discretion of the trial court, and "its ultimate judgment is reviewed on appeal only for abuse of that discretion." Porter, 288 Ga. at 533.

(a) *The First Factor: Length of the Delay*. As to the length of the delay, a court must decide whether the case was prosecuted with "customary promptness," Doggett, 505 U. S. at 651-652 (II), keeping in mind that "the delay that can be tolerated in a particular case depends to some extent on the complexity and seriousness of the charges in that case." Buckner, 292 Ga. at 393 (3) (a). In this case, although felony murder is a very serious crime, the State does not dispute that the pertinent delay was uncommonly long. We agree, especially considering that the State already had tried Alexander in October 2005 and should have been ready to retry the case at any time thereafter. The trial court properly found that the delay

in this case was uncommonly long, and weighing this factor against the State was no error. See Pickett, 288 Ga. at 676 (2) (c) (1).

(b) *The Second Factor: Reasons for the Delay.* While "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," an unintentional delay, such as that caused by the prosecuting attorney's mere negligence or the trial court's overcrowded docket, "should be weighted less heavily." Barker, 407 U. S. at 531 (IV). See also Vermont v. Brillon, 556 U. S. 81, 90 (II) (129 SCt 1283, 173 LE2d 231) (2009); Buckner, 292 Ga. at 394 (3) (b). In this case, the trial court found that more than six years of the delay — the delay that followed the denial in July 2007 of the motion for a new trial for cruelty — was attributable to the negligent inaction of the State. The record clearly supports this finding. Indeed, the record shows that the case was restored to the trial calendar only after the prosecuting attorney realized in 2013 that Alexander never had been retried for felony murder, a realization that apparently followed an inquiry about the case from a witness who had testified for the State at the October 2005 trial. Even if the State had good reason to put off a retrial until the motion for new

6

trial was decided,[2] there was no good reason to continue to delay a retrial after the motion was denied and Alexander failed to appeal. Accordingly, the trial court did not err when it attributed the delay to the negligent inaction of the State, and it did not abuse its discretion when it weighed this factor against the State. See Ruffin, 284 Ga. at 61 (2) (b) (ii) (negligence "falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun") (citation and punctuation omitted).

(c) *The Third Factor: Assertion of the Right*. Although the State bears the burden to ensure that an accused is brought to trial promptly, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he . . . would prefer to be tried as soon as possible." Ruffin, 284 Ga. at 62 (2) (b) (iii). Once the right to a speedy trial attaches, the accused must assert it with reasonable promptness, and "delay in doing so normally will be weighed against him." Pickett, 288 Ga. at 676 (2) (c) (3). That said, "[t]he accused is not required to demand a speedy trial at the first available opportunity," Ruffin, 284 Ga. at 62 (2) (b) (iii), only to demand it "in due course." Doggett, 505 U. S. at 651

---

[2] If the trial court had determined that Alexander was entitled to a new trial on cruelty, of course, it would have been more efficient for both felony murder and cruelty to have been retried in a single proceeding.

(II). To assess whether the accused insisted "in due course" upon his right to a speedy trial "requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." Ruffin, 284 Ga. at 63 (2) (b) (iii). And because delay often works to the defendant's advantage, see Brillon, 556 U. S. at 90 (II), the failure of the accused to assert his right in due course generally is accorded "strong evidentiary weight." Marshall v. State, 286 Ga. 446, 447 (1) (c) (689 SE2d 283) (2010) (citation and punctuation omitted).

In this case, Alexander did not assert his right to a speedy trial until his case was restored to the trial calendar, and for this reason, the trial court found that Alexander did not assert his right as promptly as he should have. The trial court also found, however, that his delay in asserting his right was mitigated by several circumstances, including that Alexander effectively was without counsel after his motion for new trial was denied,[3] that Alexander was incarcerated until June 2009, and that Alexander had a limited education. As the trial court put it, "[h]ow

---

[3] Although appellate counsel was appointed to represent Alexander following the denial of his motion for new trial, appellate counsel filed no appeal, and more important, appellate counsel was appointed to represent Alexander only with respect to his conviction for cruelty. As to the pending charge for felony murder, the trial court found that Alexander essentially was without counsel after his original trial counsel withdrew. We see no clear error in this finding.

8

someone unrepresented, and with such level of education can be expected to assert his Sixth Amendment right is beyond [the trial court's] comprehension." Accordingly, the trial court weighed the failure of Alexander to assert his right more promptly against him, but only lightly.

Although the failure to promptly assert the right to a speedy trial ordinarily weighs heavily against a defendant, Pickett, 288 Ga. at 677 (2) (c) (3), we have acknowledged in previous decisions that the weight to be attributed to this factor may be mitigated in some cases, and whether the circumstances of a particular case warrant any mitigation is a question committed to the sound discretion of the trial court. See, e.g., Buckner, 292 Ga. at 397 (3) (c); State v. Gleaton, 288 Ga. 373, 376 (703 SE2d 642) (2010); State v. White, 282 Ga. 859, 862 (2) (c) (655 SE2d 575) (2008). We have recognized that the absence of counsel for an extended time sometimes may mitigate the failure of the accused to assert his right more promptly. See Pickett, 288 Ga. at 676 (2) (c) (3) ("a trial court has the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period . . . [when] he was . . . without counsel"). Cf. Robinson v. State, 287 Ga. 265, 268 (1) (c) (695 SE2d 201) (2010). Other courts have recognized the incarceration and limited education of the accused as potentially mitigating factors.

9

See, e.g., Smith v. Hooey, 393 U. S. 374, 379-380 (89 SCt 575, 21 LE2d 607) (1969) (noting difficulties in preparing defense while incarcerated); Aaron v. State, 497 S2d 603, 604 (Ala. Cr. App. 1986) ("[a]n accused's right to speedy trial remains undiminished even when he is already serving a prison sentence") (citations omitted); United States v. Richardson, 291 FSupp. 441, 447 (S.D.N.Y. 1968) (education level of defendant as mitigating factor); but see White v. State, 969 S2d 72, 79 (II) (1) (D) (Miss. App. 2007) (considering a defendant's education level under the "prejudice" factor, rather than under the "assertion of the right" factor).[4] Although such circumstances may not always mitigate a failure to more promptly assert the right to a speedy trial, we cannot say that the trial court erred when it found mitigation in this case. It follows that the trial court did not abuse its

---

[4] The United States Supreme Court and this Court have recognized in other contexts that a lack of education may be relevant in assessing the assertion and waiver of constitutional rights. See, e.g., Blackburn v. Alabama, 361 U. S. 199, 208, n. 7 (80 SCt 274, 4 LE2d 242) (1960) ("Lack of education is a factor frequently present in [involuntary confession] case[s]"); Fullwood v. State, 290 Ga. 335, 335-336 (720 SE2d 642) (2012) (noting defendant's tenth-grade education when determining if defendant knowingly and voluntarily waived his right to counsel); Pittman v. State, 277 Ga. 475, 479 (3) (592 SE2d 72) (2004) (education level considered to determine if confession was made voluntarily); State v. Tye, 276 Ga. 559, 560 (1) (580 SE2d 528) (2003) (education level was a factor for determining if consent to search was free and voluntary); Jackson v. State, 271 Ga. 705, 707 (2) (523 SE2d 871) (1999) (education level was a factor in determining voluntariness of guilty plea).

discretion when it weighed the failure of Alexander to more promptly assert his right to a speedy trial against him only lightly.

(d) *The Fourth Factor: Prejudice*. As the United States Supreme Court has explained, prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," namely "to prevent oppressive pretrial incarceration," "to minimize anxiety and concern of the accused," and "to limit the possibility that the defense will be impaired." Barker, 407 U. S. at 532 (IV). See also Doggett, 505 U. S. at 654 (III) (A); Pickett, 288 Ga. at 677 (2) (c) (4). In this case, the trial court found little, if any, actual proof of prejudice,[5] but it nevertheless found that the presumptive prejudice was substantial, noting that "Alexander would be faced with allegations that are over nine years old," and that circumstance alone "practically impairs putting on a defense."[6]

---

[5] The trial court did note that the lawyer who represented Alexander in his October 2005 trial had destroyed his file on the case in 2012, five years after the failure of Alexander to appeal his conviction for cruelty, and apparently pursuant to the ordinary business practices of the lawyer. The trial court said, however, that the destruction of the file was "not a large factor of prejudice." The State contends that the destruction of the file should not count as prejudice, insofar as the file was destroyed not by the delay, but instead by the voluntary action of former defense counsel. But because it appears that the trial court did not give meaningful weight to the destruction of the file, we need not determine whether it properly might have been counted as prejudice.

[6] The trial court noted as well that many of the witnesses were "now scattered" and that "reinvestigation [will be] far more difficult for new counsel" since new counsel "must be expected to investigate [an] event that took place in July of 2004."

Accordingly, the trial court weighed this factor against the State. As the United States Supreme Court has explained, "consideration of prejudice is not limited to the specifically demonstrable, and . . . affirmative proof of particularized prejudice is not essential to every speedy trial claim." Doggett, 505 U. S. at 655 (III) (A). Especially considering the length of the delay in this case, we cannot say that the trial court erred when it concluded that Alexander suffered prejudice — even if only presumptive prejudice — as a result of the delay. See, e.g., Johnson, 291 Ga. at 867 (2) (d); Pickett, 288 Ga. at 677 (2) (c) (4); Porter, 288 Ga. at 531 (2) (c) (4).

(e) *Balancing the Factors*. At last, we must review the way in which the trial court balanced the four Barker-Doggett factors. The trial court concluded that, although Alexander's late assertion of his right to a speedy trial weighs lightly against him, the other factors all weigh against the State, and on balance, the relevant factors indicated that Alexander had been denied his constitutional right to a speedy trial. The balancing undertaken by the trial court was reasoned and reasonable, see Buckner, 292 Ga. at 399 (3) (e), especially considering that the delay was almost *eight times* as long as that typically sufficient to give rise to a presumption of prejudice. See Doggett, 505 U. S. at 658 (III) (B) ("When the [g]overnment's negligence thus causes delay six times as long as that generally

12

sufficient to trigger judicial review, and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief.") (Citations and footnotes omitted). We cannot say, therefore, that the trial court abused its considerable discretion in this case. Accordingly, we affirm the judgment of the trial court.

Judgment affirmed. All the Justices concur.

Decided May 5, 2014.

Murder. Catoosa Superior Court. Before Judge Van Pelt.

Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Alan C. Norton, Assistant District Attorneys, for appellant.

David J. Dunn, Jr., for appellee.

13