# WHOLE COURT

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A0996. CAWLEY v. THE STATE.

MCFADDEN, Judge.

This is the second appearance of this case in this court on interlocutory appeal. In *Cawley v. State*, 324 Ga. App. 358 (750 SE2d 428) (2013), we vacated the trial court's order denying Cawley's motion to dismiss based on a violation of his constitutional right to a speedy trial and remanded the case to the trial court with direction that the trial court enter an order containing findings of fact and conclusions of law in accordance with *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972). On remand, the trial court entered a more detailed order that once again denied Cawley's motion. We granted Cawley's application for interlocutory appeal, and Cawley appeals, arguing that the trial court abused his discretion in denying his motion. As detailed below, we find that the trial court erroneously attributed a

majority of the pretrial delay in this case to Cawley instead of weighing that factor lightly against the state. Because we cannot say that the trial court would have had no discretion to reach a different result had he correctly attributed and weighed that factor, we must again vacate the trial court's order and remand the case for further proceedings.

The record reflects that Cawley was arrested for driving under the influence ("DUI") and speeding on February 19, 2009. The state filed an accusation against Cawley in the trial court on March 23, 2009. Cawley was arraigned on April 22, 2009, entered a plea of not guilty, and requested a jury trial. At the hearing on his motion to dismiss, Cawley called an employee from the trial court clerk's office as a witness. The employee testified that she was responsible for keeping records pertaining to cases filed in the trial court and was able to identify a document Cawley's counsel showed her as a summary of the events in Cawley's case, and the summary, which was generated by the Odyssey case management system, was introduced into evidence. The printout reflected that the trial court granted the state a continuance on June 20, 2011 because the arresting officer was on leave. Cawley's counsel represented that the case was next set for trial on September 12, 2011. The summary of events reflects that the trial court ordered a bond forfeiture and bench

warrant on that date based on Cawley's failure to appear. A rule nisi was issued for September 13, 2011 with respect to the bond forfeiture. The state introduced into evidence another printout from the Odyssey system, and the clerk's office employee testified that the printout included a note from September 13, 2011 stating: "coming to plea on 09/21/2011 per [the trial judge]."

Cawley's attorney stated that "for some reason" Cawley did not get notice of the September 12, 2011 trial date but that Cawley was notified to appear on September 21, 2011 and did so. An entry in the case management system from September 21, 2011 indicated that the trial judge "said for this case to be placed back on a Trial Calendar; 01/2013." The trial judge who was assigned to the case was scheduled to retire at the end of 2012.

With respect to the entry on September 13, 2011 stating that Cawley was coming to plea on September 21, 2011, Cawley's counsel stated that "Mr. Cawley has never told me that he wanted to enter a plea to the offense of DUI." He then tendered to the trial court a final decision, dated May 5, 2009, in an administrative appeal from the Department of Public Safety's notice to suspend Cawley's driver's license pursuant to OCGA § 40-5-67.1. The decision reflected that the arresting officer agreed to withdraw the report initiating the administrative license suspension based

3

on an agreement with Cawley that Cawley would enter a plea of guilty to reckless driving. Cawley's counsel conceded, however, that the trial court was not bound by that agreement and stated: "[t]hat is one reason no plea was entered that day." The solicitor stated at the motion to dismiss hearing that two subpoenas were sent to Cawley for the September 12, 2011 trial date and that the state also served him with a notice of intent to present similar transaction evidence. The subpoenas and notice are reflected on the summary of events Cawley introduced into evidence.

On March 1, 2013, Cawley filed his motion to dismiss based on his constitutional right to a speedy trial. The summary of events in Cawley's case reflects that the newly-assigned trial judge placed the case on an April jury trial calendar but that the case was moved to a non-jury trial calendar at the request of Cawley's counsel on April 12, 2013. The case was continued for a non-jury trial until May 8, 2013, when the trial court conducted a hearing on Cawley's motion to dismiss. The trial court entered an order summarily denying Cawley's motion on May 10, 2013. After we vacated the trial court's order and remanded in *Cawley v. State*, supra, 324 Ga. App. 358, the trial court entered a more detailed order on December 3, 2013 that again denied Cawley's motion. This interlocutory appeal followed.

4

Alleged violations of the constitutional right to a speedy trial are analyzed in two stages under the framework set forth in *Barker*, supra, 407 U. S. 514, and *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992). Under this framework, "a court first must consider whether the case has been delayed for long enough to raise a presumption of prejudice and to warrant a more searching judicial inquiry into the delay." *State v. Alexander*, 295 Ga. 154, 156 (1) (758 SE2d 289) (2014). If the delay raises a presumption of prejudice, a court then must consider four factors: "whether the delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Id. at 156-157 (2) (citation and punctuation omitted).

> These four inquiries have no talismanic qualities and must be considered together with such other circumstances as may be relevant in light of the animating principles of the speedy trial guarantee. No one element is either necessary or sufficient to conclude that the right to a speedy trial has been violated.

*Sweatman v. State*, 287 Ga. 872, 873 (2) (700 SE2d 579) (2010) (citations and punctuation omitted). "The trial court's weighing of each factor and its balancing of

all four factors – its ultimate judgment – are reviewed on appeal only for abuse of discretion." *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

1. *Presumptive prejudice.*

"Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *Porter*, 288 Ga. at 526 (2) (b). "A delay approaching one year is sufficient in most cases to raise a presumption of prejudice and to warrant a more searching inquiry." *State v. Buckner*, 292 Ga. 390, 392-393 (2) (738 SE2d 65) (2013). The trial court did not abuse his discretion in concluding that the almost 58-month delay between Cawley's arrest and the trial court's second order denying Cawley's motion to dismiss was presumptively prejudicial. See *Sechler v. State*, 316 Ga. App. 675,677-678 (1) (730 SE2d 142) (2012) (44-month delay in DUI case presumptively prejudicial).

2. *The Barker-Doggett factors.*

(a) *Length of the delay.* With respect to the length of delay, "a court must decide whether the case was prosecuted with customary promptness, keeping in mind that the delay that can be tolerated in a particular case depends to some extent on the complexity and seriousness of the charges in that case." *Alexander*, supra, 295 Ga.

6

at 157 (2) (a) (citations and punctuation omitted). The trial court found that "[t]his is a simple DUI case in which all investigation appears to have been completed at the time of [Cawley's] arrest" and that a 57-month delay in a misdemeanor case is significant. As such, he weighed the length of delay against the state. The trial court did not abuse his discretion. See *State v. Takyi*, 322 Ga. App. 832, 836 (2) (a) (747 SE2d 24) (2013) (trial court did not abuse her discretion in weighing 46-month delay against state in case involving DUI charge).

(b) *Reason for the delay.* "Deliberate delay intended to hinder the defense must be weighed heavily against the [s]tate, whereas delay occasioned by more 'neutral' causes, such as negligence or overcrowded dockets, weighs less heavily against the [s]tate." *Phan v. State*, 290 Ga. 588, 593 (1) (b) (723 SE2d 876) (2012). "On the other hand, delay caused by the defense weighs against the defendant." Id.

The trial court attributed a "large majority" of the pretrial delay to Cawley. He concluded that Cawley was responsible for the 19-month delay between September 12, 2011, when Cawley failed to appear for trial, and his April 12, 2013 trial date. The trial court concluded that the remaining delay of approximately 38 months should be "attributed to the [s]tate and [Cawley] evenly due to common delays . . . in jury trial cases." The record does not support the trial court's apportionment of responsibility.

7

The record supports a finding that Cawley alone is responsible for no more than approximately 35 days of the pretrial delay. He may be held responsible for the continuance from September 12 to September 21, 2011 that was necessitated by his failure to appear on the September 12 trial date. He also could be held responsible for the continuance between April 12, 2013 and May 8, 2013 that resulted from his decision to seek a non-jury trial.

The trial court apparently concluded that Cawley was responsible for the entire delay between September 12, 2011 and April 12, 2013 due to Cawley's failure to appear on September 12, 2011 and because Cawley waited until April 2013 to request a non-jury trial and described both actions as major factors in the delay of the case. The trial court stated that he was taking judicial notice that no jury trial dates were available between October 2012 and February 2013 due to the retirement of the judge assigned to the case at the end of 2012. Assuming that judicial notice was proper, the trial court did not mention whether jury trials were available between October 2011 and October 2012, leaving no explanation for the delay during this period. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the [s]tate in bringing the case to trial." *Ruffin v. State*, 284 Ga. 52, 61 (2) (b) (ii) (663 SE2d 189) (2008) (citation and punctuation omitted). It is possible that the trial court

8

meant to state that, due to the retirement of the trial judge, no jury trials were available beginning in October 2011 rather than October 2012. But the responsibility for any delay associated with the trial judge's retirement also must be assigned to the state. See *Howard v. State*, 307 Ga. App. 822, 826-827 (2) (b) (706 SE2d 163) (2011); *Brooks v. State*, 304 Ga. App. 281, 283 (b) (696 SE2d 110) (2010). Finally, while we do not foreclose the possibility that Cawley might have been tried sooner if he had requested a bench trial before April 2013, there is no evidence in the record to substantiate that assertion. The record contains no information about the availability of bench trials from September 2011 to April 2013.

The trial court also erred in concluding that responsibility for the 31-month delay between Cawley's arrest and the September 12, 2011 trial date and the period of delay resulting from Cawley's prior interlocutory appeal should be apportioned evenly between Cawley and the state. The state requested a continuance of the June 20, 2011 trial date due to the arresting officer's unavailability and is responsible for the resulting delay of the case until September 12, 2011. See *Tyner v. State*, 298 Ga. App. 42, 44 (2) (679 SE2d 82) (2009). (The trial court acknowledged as much at one point in his order, yet he went on to include this delay of almost three months in the total delay that he attributed to Cawley and the state evenly. ) The record does not

9

include evidence that establishes any explanation for the delay in the case prior to June 20, 2011, and that delay must be charged to the state. See *Ruffin*, supra, 284 Ga. at 61 (2) (b) (ii). While there is evidence suggesting that Cawley was interested in entering a plea of guilty to reckless driving in lieu of DUI, there is simply no evidence that any pursuit of a plea deal delayed the case. Compare *Phan*, supra, 290 Ga. at 594 (1) (b) (record showed that six-month delay between defendant's arrest and indictment was due in part to his counsel's effort to negotiate plea agreement). In the prior interlocutory appeal in this case, we vacated the trial court's order denying Cawley's motion to dismiss and remanded for entry of a proper order applying the *Barker-Doggett* framework. We have held that a delay associated with an appeal under such circumstances should weigh against the state. See *Richardson v. State*, 318 Ga. App. 155, 160 (2) (b) (733 SE2d 444) (2012); *Goddard v. State*, 315 Ga. App. 868, 874 (2) (b) (729 SE2d 397) (2012).

Although the record includes no evidence that the state deliberately caused or engineered any delay, it establishes that a majority of the delay resulted from more neutral causes for which the state bore responsibility. As such, the trial court should have weighed the reason for the delay against the state lightly or benignly. See *State v. Pickett*, 288 Ga. 674, 676 (2) (c) (2) (706 SE2d 561) (2011) (trial court correctly

10

weighed non-deliberate delay caused by overcrowded docket only benignly against state); *Sweatman*, supra, 287 Ga. at 875 (4) ("delay due to negligence or workloads is weighed lightly against the [s]tate").

(c) *Assertion of the right.* The third *Barker-Doggett* factor requires the trial court to consider whether the accused has asserted the right to a speedy trial in "due course." *Phan*, supra, 290 Ga. at 595 (1) (c). "[B]ecause delay often works to the defendant's advantage, the failure of the accused to assert his right in due course generally is accorded strong evidentiary weight." *Buckner*, supra, 292 Ga. at 397 (3) (c) (citations and punctuation omitted).

Here, the trial court correctly concluded that Cawley did not assert his constitutional right to a speedy trial by requesting a jury trial at his arraignment on April 22, 2009. See *Meder v. State*, 305 Ga. App. 702, 703 (c) (700 SE2d 706) (2010); *Over v. State*, 302 Ga. App. 215, 218 (3) (690 SE2d 507) (2010). The trial court further stated that Cawley "had never asserted his right to a speedy trial," and he weighed the assertion of the right factor against Cawley. The trial court erred to the extent he failed to acknowledge that Cawley's motion to dismiss asserted his constitutional right to a speedy trial. See *Davis v. State*, 308 Ga. App. 843, 846 (2) (c) (709 SE2d 343) (2011). Nevertheless, the record reflects that more than four years

11

elapsed after Cawley's arrest before he filed the motion to dismiss. Under the circumstances, the trial court did not abuse his discretion in weighing the assertion of the right against Cawley. See *Fallen v. State*, 289 Ga. 247, 249 (3) (710 SE2d 559) (2011) (three-year delay in asserting right weighed heavily against defendant); *Brown v. State*, 287 Ga. 892, 895 (1) (c) (700 SE2d 407) (2010) (same).

(d) *Prejudice.* The types of prejudice that may result from an unreasonable delay before trial include "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the (accused's) defense will be impaired by dimming memories and loss of exculpatory evidence." *Pickett*, supra, 288 Ga. at 677 (2) (c) (4) (citation and punctuation omitted). "Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. (citation and punctuation omitted).

Cawley does not argue that he suffered oppressive pretrial incarceration or dispute the trial court's finding that he spent less than 24 hours in jail following his arrest. Likewise, Cawley does not argue that he has suffered any demonstrable impairment to his defense as the result of the pretrial delay. Cawley did not testify at the hearing on his motion to dismiss regarding anxiety or concern he was experiencing. Cawley's counsel, however, stated that a DUI conviction in this case

12

would be Cawley's second and that Cawley was concerned about losing his driver's license because he depends on it for his livelihood. See OCGA § 40-5-63 (a) (2). "Anxiety and concern of the accused are always present to some extent, and thus[,] absent some unusual showing[,] are not likely to be determinative in defendant's favor." *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008) (citation and punctuation omitted). Assuming that Cawley's counsel's cursory statements about the concern and anxiety Cawley experienced were made in counsel's place as an officer of the court and that we may treat them as evidence, see *Rank v. Rank*, 278 Ga. 147, 149 (695 SE2d 13) (2010), they fall well short of establishing that Cawley experienced anxiety and concern beyond that normally experienced by an accused in a criminal prosecution. Given the paucity of evidence of actual prejudice, the trial court did not abuse his discretion in weighing the prejudice factor in the state's favor.

3. *Balancing of factors.*

"A trial court exercises substantial discretion in applying the *Barker* balancing test." *Pickett*, supra, 288 Ga. at 679 (2) (d) (citation and punctuation omitted). But where, as here, "the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed *only* if the appellate court can conclude that, had the trial court used the correct facts and

13

legal analysis, it would have had *no discretion* to reach a different result." Id. (citations omitted; emphasis supplied).

We cannot conclude that the trial court would have had no discretion to do anything but deny the motion to dismiss in this case. Instead, the facts of this case are similar to those in *State v. Johnson*, 291 Ga. 863 (734 SE2d 12) (2012), a case in which our Supreme Court held that it could not affirm the trial court's ruling. The Court in *Johnson* described those facts as follows:

> The first factor – the length of the delay – weighs against the [s]tate in the case. The second factor – the reasons for the delay – also weighs against the [s]tate, although relatively lightly. The third factor – whether the defendant asserted the right in due course – weighs against [the defendant], but its weight may be mitigated by the occasions on which [the defendant] announced that he was ready for trial. The fourth factor – prejudice to the defendant – cuts both ways, inasmuch as [the defendant] has failed to show demonstrable prejudice, but he nevertheless is entitled to the presumption of prejudice that arises from a long delay.

Id. at 868 (3). The *Johnson* court proceeded to explain that, although it had held in other cases that

> trial courts confronted with similar circumstances did not abuse their discretion in finding no denial of the right to a speedy trial, we never

14

have held that a trial court presented with such circumstances *always* must find no denial of the right. And for that reason, we must remand this case for the trial court to correctly apply the pertinent legal principles and to consider again whether [the defendant] was denied his right to a speedy trial.

Id. (citation and footnote omitted; emphasis in original).

We discern no distinction between the circumstances of *Johnson* and those of this case, such that the trial court would retain discretion to grant or deny the speedy trial motion in the former but not in the latter. In accordance with the precedent established in *Johnson*, we vacate the trial court's judgment and remand the case for further proceedings.

*Judgment vacated and case remanded with direction. Barnes, P. J., Doyle, P. J., Boggs, Ray, and Branch, JJ., concur. Andrews, P. J., dissents.*

15

A14A0996.  CAWLEY v. THE STATE.

ANDREWS, Presiding Judge, dissenting.

Because the trial court would have been constrained to deny Cawley's motion to dismiss had it correctly weighed the reason for the pretrial delay factor of the *Barker-Doggett* analysis, I would affirm the judgment of the trial court.  Therefore, I respectfully dissent to Division 3 of the majority opinion.

It is well settled that "[a] trial court exercises substantial discretion in applying the *Barker* balancing test." (Citation and punctuation omitted.) *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). "If the trial court significantly misapplies the law or clearly errs in a material factual finding, [however,] the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment." Id. As the majority correctly notes, the trial

court erred in attributing a majority of the pretrial delay in this case to Cawley and abused its discretion by failing to weigh that factor lightly against the State. However, I conclude that even if the trial court had weighed the reason for the delay correctly, it would have been constrained to deny Cawley's motion to dismiss.

As we recently acknowledged in *Ward v. State*, the "delayed assertion of the right to a speedy trial and lack of prejudice are the two factors that most often weigh heavily against defendants and which then support the overall conclusion that speedy trial rights have not been violated." 325 Ga. App. 890, 895 (2) (e) (756 SE2d 21) (2014), quoting *Phan v. State*, 287 Ga. 697, 700 (699 SE2d 9) (2010) (Nahmias, J., concurring). Here, Cawley waited over four years to assert his constitutional right to a speedy trial and offered virtually no evidence of actual prejudice. Under the circumstances, there is no abuse of discretion in the trial court's order denying Cawley's motion to dismiss. See *Phan v. State*, 290 Ga. 588, 596 (1) (e) (723 SE2d 876) (2012) (trial court did not abuse discretion in denying motion to dismiss on speedy trial grounds where assertion of the right and prejudice factors weighed against defendant notwithstanding that the trial court erred by failing to treat the reason for delay as neutral); *Ward*, supra, 325 Ga. App at 894-895 (2) (e) (given defendant's delay in asserting right to speedy trial and lack of evidence of prejudice,

trial court did not abuse discretion in denying motion to dismiss in DUI case despite its error in treating reason for delay as neutral instead of weighing it lightly against the State); *Over v. State*, 302 Ga. App. 215, 219 (5) (690 SE2d 507) (2010) (trial court did not abuse discretion in denying motion for discharge and acquittal in DUI case, although it erred by failing to conclude that delay caused by trial court's schedule was attributable to State; defendant's failure to assert right weighed heavily against him).

The majority's reliance upon *State v. Johnson*, 291 Ga. 863 (734 SE2d 12) (2012) is misplaced. In *Johnson*, our Supreme Court concluded that the weight given to the defendant's delay in asserting his right to a speedy trial might be mitigated by the multiple occasions on which the defendant appeared in the trial court and announced ready for trial. Id. at 868 (3). There are no comparable mitigating circumstances in this case. Accordingly, *Johnson* is distinguishable and does not require us to remand a second time for reconsideration of the speedy trial issue. I would affirm the judgment of the trial court denying Cawley's motion to dismiss. Therefore, I dissent to Division 3 of the majority opinion.