**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 25, 2019**

# In the Court of Appeals of Georgia

A19A2411. JUNG v. THE STATE.

MILLER, Presiding Judge.

In this interlocutory appeal, Jae Sun Jung seeks review of the trial court's order denying his motion to dismiss the criminal charges against him due to an alleged violation of his right to a speedy trial. He argues that the trial court erroneously applied the four-factor balancing test applicable to speedy-trial claims and that the trial court failed to properly account for the four-year delay between the time of the criminal accusation and his motion to dismiss. After considering the delicate four-factor balancing test applicable to motions to dismiss on speedy trial grounds, we conclude that the trial court did not abuse its discretion in denying Jung's motion to dismiss. We therefore affirm.

We review a trial court's ruling on a motion to dismiss on speedy trial grounds for an abuse of discretion. *Teasley v. State*, 307 Ga. App. 153, 157 (704 SE2d 248) (2010).

In October 2014, a police officer arrested Jung for driving under the influence ("DUI") and following too closely. A breath test conducted at the scene showed that Jung's blood alcohol content was 0.211 grams, which was above the legal limit of .08 grams set out in OCGA § 40-6-391 (a) (5).

On February 24, 2015, the State filed an accusation against Jung in state court, charging him with one count of DUI less safe (OCGA § 40-6-391 (a) (1)), one count of DUI per se (OCGA § 40-6-391 (a) (5)), and one count of following too closely (OCGA § 40-6-49). Prior to the court arraignment, in March 2015, Jung filed a waiver of arraignment, entered a plea of not guilty, and demanded a jury trial. In June 2015, Jung filed an amended supplemental motion, seeking to suppress the test results from the state-administered breath test. The trial court granted the motion on September 10, 2015. The State appealed, and this Court affirmed the trial court's decision. *State v. Jung*, 337 Ga. App. 799 (788 SE2d 884) (2016). The case was remitted to the trial court in late July 2016.

The case did not reappear on a trial calendar until February 2, 2017, and was then set on five consecutive calendars from February through June 2017. Jung announced ready or appeared at all five calendars. In April 2017, the State filed a motion in limine regarding arguments made by Jung's counsel at a previous evidentiary hearing. The trial court heard argument concerning that motion in June 2017 and denied the motion in limine on August 11, 2017.

The State filed a motion for reconsideration of the order to suppress on April 23, 2018, and a second motion for reconsideration on different grounds on July 5, 2018. When the parties appeared to argue the April 23 motion, Jung asked for time to respond to the second motion for reconsideration, which the trial court granted. The trial court heard the motions in September 2018 and denied them on October 31, 2018.

On January 8, 2019, Jung filed his plea in bar and motion to dismiss based upon a violation of his constitutional right to a speedy trial. Following a hearing, the trial court denied Jung's motion in an amended order entered on January 30, 2019. The trial court concluded that the first two factors of the speedy-trial balancing test weighed against the State, but that the fourth factor weighed against Jung and the third factor weighed heavily against Jung. Considering the four factors together, the

trial court concluded that Jung had failed to demonstrate that the dismissal of the charges against him was warranted. The trial court certified its decision for immediate review. We granted Jung's application for an interlocutory appeal, and this appeal followed.

Jung's sole enumeration of error is that the trial court abused its discretion when it denied his motion to dismiss on speedy trial grounds. We address each factor of the balancing test and conclude that the trial court assigned the proper weight to each factor and that it did not abuse its discretion in denying Jung's motion.

"The determination of whether the constitutional right to a speedy trial has been violated has two stages. The court first determines whether the interval between the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered 'presumptively prejudicial.'" (Citation omitted.) *Teasley*, supra, 307 Ga. App. at 157 (1). If so, then the court "proceeds to application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial. (Citation omitted.) Id. The four factors are

> (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted the right to a speedy trial; and (4) whether [he] suffered prejudice as the delay's result. Under the

4

test, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if the defendant's constitutional right to a speedy trial has been abridged. The analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Citation and punctuation omitted.) Id. at 157-158 (2). See also *Doggett v. United States*, 505 U. S. 647, 651 (II) (112 SCt 2686, 120 LE2d 520) (1992); *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SCt 2182, 33 LE2d 101) (1972).

As an initial matter, the State conceded at the hearing below that the length of the pretrial delay here created a presumption of prejudice. Accordingly, we move on to discuss the application of the four-factor *Barker-Doggett* test.

(a) *Length of delay uncommonly long*

As to the first factor, Jung asserts that the trial court should have weighed this factor "heavily against the State." We find no abuse of discretion as to this factor.

"[T]he length of delay that can be tolerated in a particular case depends to some extent on the complexity and seriousness of the charges in that case. And there is no bright-line rule that all uncommonly long delays must be weighed heavily against the State." (Citations omitted.) *Taylor v. State*, 338 Ga. App. 804, 807 (1) (a) (792 SE2d

5

101) (2016). "The delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." (Citation omitted.) *Rogers v. State*, 286 Ga. 387, 388 (688 SE2d 344) (2010).

When weighing the four factors, the trial court found the length of delay in this case "weighed against the State," without further analysis. Although Jung was not charged with the most complex of crimes, the case did present a tricky evidentiary issue that resulted in a published decision from this Court. See *Jung*, supra, 337 Ga. App. at 801-804. As such, we cannot conclude that it was an abuse of discretion insofar as the trial court declined to weigh this factor "heavily" against the State. See *Cawley v. State*, 330 Ga. App. 22, 25 (2) (a) (766 SE2d 581) (2014) (trial court did not abuse its discretion in weighing a 57-month delay against the State in a simple DUI case, even though such delay was not weighed heavily); *Stewart v. State*, 310 Ga. App. 551, 554 (2) (a) (713 SE2d 708) (2011) (trial court did not abuse its discretion in declining to weigh a pretrial delay of over five years "heavily" against the State).

(b) *Reason for delay*

As to the second factor, Jung asserts that the trial court abused its discretion in failing to analyze the reasons for and timing of the delays, which he argues should

6

have been "weighted heavily" against the State. We discern no such abuse of discretion.

"While a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, an unintentional delay, such as that caused by the mere negligence of the prosecuting attorneys or the overcrowded docket of the trial court, should be weighted less heavily." *State v. Buckner*, 292 Ga. 390, 394 (3) (b) (738 SE2d 65) (2013) (punctuation omitted).

In its order, the trial court found that both parties had prompted the delays. The trial court noted that both parties filed multiple motions, which led to periods of time during which the trial court took those motions under advisement, and that the delay was also accounted for by an appeal, motions for reconsideration, requests for continuance, and leaves of absence. The trial court did attribute to the State the delays from the July 2016 remittur until the case reappeared on the trial calendar February 2, 2017, and the time period from the denial of the State's motion in limine until April 18, 2018, when the case was placed on the jury trial calendar. But, the trial court found that none of the delays attributable to the State were deliberately imposed to hamper the defense and, thus, were not weighted "as heavily against the State as intentional delays would be."

7

While Jung points out the timing of the delays, he has not shown or argued why those delays should have been weighted "heavily" against the State. The trial court here did analyze the delays, and it ultimately and correctly found that this factor was weighted against the State, but not "as heavily" since both parties participated in causing the delays. See *Wilkie v. State*, 290 Ga. 450, 452 (721 SE2d 830) (2012) ("[D]elay due to negligence or workloads is weighed lightly against the State.") (citation omitted). Crucially, "[n]owhere in the record . . . is there any evidence that the delay was the result of bad faith. Notably, there is no evidence that [the State] deliberately delayed the trial in an effort to gain a tactical advantage, or in an effort to hamper the defense." (Citations and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 556 (2) (b). Thus, it does not appear that Jung has shown that the trial court abused its discretion when it weighed this factor. See id. at 555-556 (2) (b) (trial court did not abuse its discretion in failing to weigh the second factor "heavily" against the State).

(c) *Assertion of Right to Speedy Trial*

With respect to the third factor, Jung argues that the demand for a jury trial that he filed at the same time that he entered a plea should have counted as an invocation

of his right to a speedy trial and that the trial court erred in concluding otherwise. We disagree.

"It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001). The "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." (Citation omitted.) Id.

The trial court noted that Jung did not assert his speedy trial right until approximately four years after his arraignment. Although Jung did file a demand for a jury trial in April 2015 just after the accusation was filed, the trial court correctly noted that the filing of a demand for a jury trial does not also invoke a defendant's constitutional right to a speedy trial. *Nusser v. State*, 275 Ga. App. 896, 899 (622 SE2d 105) (2005). In addition, the fact that Jung appeared ready for trial at various points in the proceedings also did not constitute an assertion of his right to a speedy trial. *Brannen*, supra, 274 Ga. at 456. Thus, the trial court properly weighed the third factor heavily against Jung because he did not raise his constitutional right to a speedy trial until four years after his arraignment. See *Buckner*, supra, 292 Ga. at 397 (3) (c) (trial court did not abuse its discretion in weighing the third factor heavily

9

against the defendant when the defendant waited four years after the indictment to invoke his speedy trial right).

(d) *Prejudice to Defendant*

As to the final factor, Jung first asserts that the trial court should have presumed prejudice given the length of the delay, which he maintains was "egregious." We are not persuaded.

While we may presume actual prejudice if a delay is sufficiently long, "the [forty-seven] month delay in this case falls a full [thirteen] months shy of the five years that we have previously held gives rise to a presumption of actual prejudice." (Citation omitted.) *State v. Moses*, 301 Ga. App. 315, 321 (2) (d) (692 SE2d 1) (2009). However,

> the fact that the delay in this case was less than five years does not automatically foreclose a presumption of actual prejudice. Rather, in determining whether a pre-trial delay gives rise to a presumption of actual prejudice, the trial court must examine the delay relative to all other factors, including the complexity of the case and the evidence existing on the date the State initiated the prosecution.

(Citation omitted.) Id.

First, we again note that although none of the three charges by their nature were particularly complex, the case did present an evidentiary issue that eventually resulted in a successful suppression of the breath test result, a crucial piece of evidence in this case. See *Jung*, supra, 337 Ga. App. at 801-804. Because of this suppression, the State had to change the course of its prosecution after its appeal, as evidenced by the number of motions that were filed in this case afterwards. We cannot say that the State unreasonably abandoned its pursuit of the charges against Jung, and so we cannot conclude that the trial court abused its discretion in not finding a presumption of actual prejudice based on the length of the delay.

Jung further argues that the record shows that he suffered actual prejudice by the delay in this case in that he lost multiple business opportunities due to the pending charges. We disagree.

"The types of prejudice that may result from an unreasonable delay before trial include oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." (Citation and punctuation omitted.) *Cawley*, supra, 330 Ga. App. at 27 (2) (d). "Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the

entire system." (Citation and punctuation omitted). Id. On the other hand, "[a]nxiety and concern of the accused are always present to some extent, and thus, absent some unusual showing, are not likely to be determinative in the defendant's favor." (Citation and punctuation omitted.) Id. at 28 (2) (d).

Here, Jung did not and does not argue that he suffered an oppressive pretrial incarceration. Likewise, he did not and does not argue that he suffered any demonstrable impairment to his defense as a result of the pretrial delay. Instead, he argues that he was prejudiced as a result of anxiety and concern because the pending charges against him interfered with his business expansion plans. However, "the record [on appeal] contains no testimony from [Jung] regarding any purported anxiety he might have suffered, nor does it contain any other evidence supporting [his] contentions on this issue.[1] In any event, [Jung] chose not to alleviate his anxiety and concern by waiting over [four] years to assert his speedy trial demand." (Citations and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 558 (2) (d) (ii). Accordingly, we conclude that the trial court did not err in concluding that Jung did not show any unusual or particular anxiety or concern. See id. (defendant truck driver's

---

[1] While the trial court held a hearing on the motion to dismiss, it was not transcribed or made part of the appellate record, and so any evidence that might have been presented at that hearing is not available for us to review.

12

unsupported allegations that the pending charges against him interfered with his ability to take on work and support his family did not rise to the level of extraordinary anxiety and concern); *Nusser*, supra, 275 Ga. App. at 900-901 (defendant's allegations that the delay had negative effects on his employment and ability to drive to work and school failed to demonstrate an "unusual showing" of anxiety and concern).

(e) *Balancing the factors*

As set out more fully above, we conclude that the trial court did not abuse its discretion when it determined the amount of weight to be given to each of the four *Barker-Doggett* factors. Looking at the factors as a whole, we also cannot conclude that the trial court abused its wide discretion in coming to the conclusion that Jung's speedy trial claim should be denied. See *Ruffin v. State*, 284 Ga. 52, 65-66 (3) (663 SE2d 189) (2008) (trial court did not abuse its discretion by denying defendant's speedy trial claim when defendant delayed in asserting his right and could show no actual prejudice resulting from the delay, despite the fact that the first two factors weighed against the State); *Nusser*, supra, 275 Ga. App. at 902 (same).

Accordingly, we conclude that the trial court did not abuse its discretion in evaluating Jung's speedy-trial claim under the *Barker-Doggett* test, and we affirm the denial of Jung's motion to dismiss.[2]

*Judgment affirmed. Rickman and Reese, JJ., concur.*

---

[2] Although we ultimately affirm the denial of Jung's motion to dismiss, the extent of the delay in this case compels us to take the opportunity to repeat the Supreme Court's exhortation that

> the clock is still ticking. It has now been well over [four] years since [Jung] was [formally accused], and the vigor and formality with which he has pressed his constitutional speedy trial claim are no longer subject to challenge. The District Attorney should be aware that any further delay in bringing [Jung] to trial not attributable to [Jung] runs a serious risk of violating [Jung's] right to a speedy trial guaranteed by the Sixth Amendment and the Georgia Constitution. If that were to happen, then under controlling United States Supreme Court precedent, dismissal of the charges against [Jung] would be constitutionally required.

*Ruffin*, supra, 284 Ga. at 66 (3).