S12A0868. THE STATE v. JOHNSON.
(734 SE2d 12)

BLACKWELL, Justice.

More than five years after he was arrested, John Johnson still had not been brought to trial, so he moved to dismiss his indictment, arguing that he had been denied his constitutional right to a speedy trial. The trial court granted his motion, and the State appeals. The principles that guide a court in its consideration of whether a delay in bringing an accused to trial amounts to a denial of his right to a speedy trial are set out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992),[1] and the State contends that the trial court misapplied some of these principles in this case. We agree, and we reverse the decision below and remand for the trial court to correctly apply the principles set out in *Barker* and *Doggett*.

The record shows that Brandon Scott was killed on the evening of December 31, 2005, and Johnson, Albert Reaux, and Michael Williams were arrested and charged with his murder. Johnson was arrested on July 6, 2006, and he, Reaux, and Williams were indicted in October 2006. A trial was specially set to begin on September 15, 2008. Before trial, however, Reaux and Williams agreed to testify against Johnson, and the prosecuting attorney dropped the charges against Reaux and Williams. Prior to their release from custody, Reaux was served with a subpoena to appear at trial, but Williams was not.

---

[1] The United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," U. S. Const., Amend. VI, and the Georgia Constitution likewise guarantees that, "[i]n criminal cases, the defendant shall have a public and speedy trial." Ga. Const., Art. I, Sec. I, Par. XI (a). The principles set out in *Barker* and *Doggett* apply equally to a claimed denial of the right to a speedy trial under the United States Constitution and to a claimed denial of the same right under the Georgia Constitution. *Redd v. State*, 261 Ga. 300, 301, n. 1 (404 SE2d 264) (1991).

When the trial date arrived, Reaux and Williams failed to appear, and the prosecuting attorney was unable to locate them. The State asked for, and was granted, a number of continuances to allow more time to locate these witnesses. The State was unable, however, to locate them in the next several months, and on March 27, 2009, the trial court put the case on its dead docket. In the meantime, Johnson was given a bond in October 2008. Throughout the delays, he appeared and announced that he was ready to proceed with trial.

In November 2010, the State finally located Reaux in a Louisiana prison, and the case was restored to the active docket. Nine months later, just before his trial was to commence, Johnson moved to dismiss his indictment, arguing that the delay of his prosecution had worked a denial of his constitutional right to a speedy trial.[2] The trial court heard the motion in September 2011, and a few days later, it granted the motion and dismissed the indictment. The State timely filed a notice of appeal.

1. When an accused claims that a delay in bringing him to trial has worked a denial of his constitutional right to a speedy trial, a court first must consider whether the delay is long enough to raise a presumption of prejudice and to warrant a more searching judicial inquiry into the delay. See *Doggett*, 505 U. S. at 651-652 (II); see also *Barker*, 407 U. S. at 530-531 (IV); *State v. Pickett*, 288 Ga. 674, 675 (2) (a) (706 SE2d 561) (2011). The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005). Generally speaking, a delay approaching one year is sufficient in most cases to raise a presumption of prejudice and to warrant a more searching inquiry. See *Doggett*, 505 U. S. at 652 (II), n. 1; but see *Barker*, 407 U. S. at 530-531 (IV) ("[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."). In this case, more than five years elapsed between the arrest of Johnson and the dismissal of his indictment. The trial court correctly found that this delay raises a presumption of prejudice, and the State does not contend otherwise.

2. When a delay raises a presumption of prejudice, and a more searching inquiry is warranted, a court must consider "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505

---

[2] Johnson never filed a statutory demand for speedy trial, however.

U. S. at 651 (II); see also *Barker*, 407 U. S. at 530-533 (IV); *Pickett*, 288 Ga. at 675 (2) (a). Of these factors, no one is dispositive. Instead, a court must weigh all four factors, along with any other relevant circumstances, in "a difficult and sensitive balancing process." *Barker*, 407 U. S. at 533 (IV); see also *Pickett*, 288 Ga. at 675 (2) (a). Weighing these factors is committed to the substantial discretion of the trial court, and "its ultimate judgment is reviewed on appeal only for abuse of that discretion." *State v. Porter*, 288 Ga. 524, 533 (2) (e) (705 SE2d 636) (2011). We now examine whether the trial court in this case abused its discretion in weighing the pertinent factors and concluding that Johnson was denied his right to a speedy trial.

(a) *The First Factor: Length of the Delay.* In its order, the trial court made no explicit finding about whether the delay in this case was uncommonly long. Nevertheless, the trial court said that the first factor was "satisfied," and by this statement, we understand the trial court to have found that the delay was uncommonly long and to have weighed this factor against the State. We conclude that the weighing of this factor against the State was no error. See *Pickett*, 288 Ga. at 676 (2) (c) (1).

(b) *The Second Factor: Reasons for the Delay.* The trial court attributed the delay in this case to the State, and it weighed this factor against the State. The record clearly supports the finding that the State is more to blame for the delay. Indeed, the record shows that the delay is mostly attributable to the inability of the State to locate Reaux and Williams. When these witnesses failed to appear for trial in September 2008, the State asked for, and received, several continuances to locate them, and it continued its efforts to find Reaux through the middle of 2009. The case was put on the dead docket when the State proved unable to promptly locate these witnesses, and it was restored to the active docket only after Reaux finally was located. The trial court did not err, therefore, in weighing this factor against the State. See *Tyner v. State*, 298 Ga. App. 42, 44 (2) (679 SE2d 82) (2009) ("The unavailability of State witnesses weighs against the State.").

It is unclear, however, how much weight the trial court assigned to this factor. About the weight, the United States Supreme Court has explained that "different weights should be assigned to different reasons." *Barker*, 407 U. S. at 531 (IV). "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," whereas an unintentional delay, such as that occasioned by the mere negligence of the prosecuting attorney or the overcrowded docket of the trial court, "should be weighted less heavily." Id. See also *Vermont v. Brillon*, 556 U. S. 81, 90 (II) (129 SC 1283, 173 LE2d 231) (2009). Consistent with these principles, we

have said in several cases that delay attributable to the mere negligence of the State, generally speaking, should be weighed against the State "benignly," "lightly," or "minimally." See, e.g., *Pickett*, 288 Ga. at 676 (2) (c) (2) (trial court "correctly weighed [unintentional delay] against the State only benignly"); *Sweatman v. State*, 287 Ga. 872, 875 (4) (700 SE2d 579) (2010) (unintentional delay "is weighed lightly against the State"); *Jakupovic v. State*, 287 Ga. 205, 207 (1) (b) (695 SE2d 247) (2010) (unintentional delay "weighs minimally"). Here, no evidence appears in the record to suggest that the State attempted deliberately to delay bringing Johnson to trial. Accordingly, the trial court was correct to weigh this factor against the State, but the court could not properly weigh it as heavily as in a case of deliberate delay.

(c) *The Third Factor: Assertion of the Right*. Though the State bears the burden to ensure that an accused is brought to trial promptly, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he . . . would prefer to be tried as soon as possible." *Ruffin v. State*, 284 Ga. 52, 62 (2) (b) (iii) (663 SE2d 189) (2008). Once the right to a speedy trial attaches, the accused must assert it with reasonable promptness, and "delay in doing so normally will be weighed against him." *Pickett*, 288 Ga. at 676 (2) (c) (3). That said, "[t]he accused is not required to demand a speedy trial at the first available opportunity," *Ruffin*, 284 Ga. at 62 (2) (b) (iii), only to demand it "in due course." *Doggett*, 505 U. S. at 651 (II). To assess whether the accused insisted "in due course" upon his right to a speedy trial "requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." *Ruffin*, 284 Ga. at 63 (2) (b) (iii). Because delay often works to the defendant's advantage, see *Brillon*, 556 U. S. at 90 (II), the failure of the accused to assert his right in due course generally is accorded "strong evidentiary weight." *Marshall v. State*, 286 Ga. 446, 447 (1) (c) (689 SE2d 283) (2010) (citation and punctuation omitted).

The trial court in this case found that Johnson timely asserted his right to a speedy trial, but that finding was erroneous. Although Johnson announced that he was ready to go to trial on the original trial date and throughout the delay that followed, he did not assert his constitutional right to a speedy trial until August 2011, more than five years after his arrest, and on the eve of his rescheduled trial. Furthermore, Johnson never filed a statutory demand for speedy trial. Though his earlier indications that he was ready for trial may mitigate the weight to be accorded this factor, that Johnson did not assert his constitutional right to a speedy trial until so late in his prosecution must weigh against him. *Porter*, 288 Ga. at 529 (2) (c) (3). The trial court erred in its consideration of the third factor.

(d) *The Fourth Factor: Prejudice.* As the United States Supreme Court has explained, prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," namely "to prevent oppressive pretrial incarceration," "to minimize anxiety and concern of the accused," and "to limit the possibility that the defense will be impaired." *Barker,* 407 U. S. at 532 (IV). See also *Doggett,* 505 U. S. at 654 (III) (A); *Pickett,* 288 Ga. at 677 (2) (c) (4). In this case, the trial court found that Johnson was subjected to oppressive pretrial incarceration and experienced unusual anxiety as a result of his prosecution and incarceration.[3] These findings were erroneous. Although Johnson was incarcerated for approximately 29 months before he was released on bond, "there has been no oppressive pre-trial incarceration, as [Johnson] has made no showing that he has been subjected to substandard conditions in the . . . jail where he [was] housed." *Weis v. State,* 287 Ga. 46, 54 (1) (d) (694 SE2d 350) (2010). And while Johnson expressed some anxiety about the need to care for his family in Louisiana, anxiety and concern are "always present to some extent, and thus absent some unusual showing is not likely to be determinative in defendant's favor." *Boseman v. State,* 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994) (citation and punctuation omitted). By finding demonstrable prejudice in the form of oppressive pretrial incarceration and anxiety, the trial court erred in its consideration of the fourth factor. That said, prejudice properly may be presumed in this case from the length of the pretrial delay. See *Pickett,* 288 Ga. at 677 (2) (c) (4); *Porter,* 288 Ga. at 531 (2) (c) (4).

(e) *Balancing the Factors.* The trial court erred when it found that Johnson asserted his right to a speedy trial in due course and weighed that factor against the State and when it found that Johnson had shown demonstrable prejudice. Taken together, these errors were significant ones, and we cannot say that, if the trial court had correctly applied the principles set out in *Barker* and *Doggett,* it necessarily would have reached the conclusion that Johnson was denied his right to a speedy trial. See *Pickett,* 288 Ga. at 680 (2) (d). Indeed, in cases involving similar circumstances, trial courts have found no denial of the right, and we have held that those trial courts did not abuse their discretion. See, e.g., *Sweatman,* 287 Ga. at 873-876; *Harris v. State,* 284 Ga. 455, 457 (667 SE2d 361) (2008). Accordingly, we must reverse the decision below.

[3] The trial court correctly found no demonstrable prejudice with respect to any impairment of the defense.

3. We have said before that "[i]t is not the job of [an] appellate court . . . to weigh the *Barker* factors in the first instance," *Pickett*, 288 Ga. 674, 679-680 (2) (d) (706 SE2d 561) (2011), and so, when a trial court has abused its discretion in its consideration of these factors, we generally remand the case for the trial court to exercise its discretion again. See, e.g., id. at 680 (2) (d); *Porter*, 288 Ga. at 534 (2) (e); *Williams v. State*, 277 Ga. 598, 601-602 (2) (592 SE2d 848) (2004). Of course, a remand is not *always* required when the trial court has erred in its consideration of the factors. After all, in some cases, reasonable minds could not disagree about whether the right to a speedy trial has been denied, and in those cases, a remand would serve no purpose. See *Pickett*, 288 Ga. at 679 (2) (d).

But this is not such a case. The first factor — the length of the delay — weighs against the State in this case. The second factor — the reasons for the delay — also weighs against the State, although relatively lightly. The third factor — whether the defendant asserted the right in due course — weighs against Johnson, but its weight may be mitigated by the occasions on which Johnson announced that he was ready for trial. The fourth factor — prejudice to the defendant — cuts both ways, inasmuch as Johnson has failed to show demonstrable prejudice, but he nevertheless is entitled to the presumption of prejudice that arises from a long delay. Although we held in *Sweatman* and *Harris* that trial courts confronted with similar circumstances did not abuse their discretion in finding no denial of the right to a speedy trial, we never have held that a trial court presented with such circumstances *always* must find no denial of the right. And for that reason, we must remand this case for the trial court to correctly apply the pertinent legal principles and to consider again whether Johnson was denied his right to a speedy trial.[4] See *Pickett*, 288 Ga. at 680 (2) (d).

*Judgment reversed and case remanded. All the Justices concur, except Benham and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

Remand of this straightforward speedy trial case to the trial court based on a presumption of prejudice where no actual prejudice has even been argued on appeal serves only to delay justice. Accordingly, I dissent.

Neither *State v. Porter*, 288 Ga. 524 (705 SE2d 636) (2011) nor *State v. Pickett*, 288 Ga. 674 (706 SE2d 561) (2011), requires this case

---

[4] We note that, in its brief, the State argues that the decision of the trial court "should be reversed *and remanded*." (Emphasis supplied.)

to be remanded to the trial court. In *Porter*, the case had to be remanded to the trial court because the trial court never even considered one of the *Barker* factors and an appellate court cannot be the first to apply the full *Barker* test. In *Pickett*, the trial court overlooked facts in the record in making its analysis, and the case was remanded in order for the trial court to consider the full panoply of facts. Neither infirmity exists in this case. Here, the trial court used the proper *Barker* factors and considered the relevant facts, but reached the wrong conclusion. As a matter of law, the trial court erred, and vacating and remanding will only delay the required result. As pointed out in *Porter*, supra, 288 Ga. at 532 (2) (c) (4), "the weight given to presumed prejudice may be reduced *or even eliminated* if the State can show that the defense has not, in fact, been substantially impaired." (Emphasis supplied.) The State has made this showing, and Johnson makes no attempt to identify any impairment whatsoever. Despite this fact, this case is now being remanded to the trial court for what will be, in essence, a rubber stamp.

Justice delayed is justice denied.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED NOVEMBER 5, 2012.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys*, for appellant.
*Brian A. Hobbs*, for appellee.