318 Ga. 225
FINAL COPY

S23A1018. REDDING v. THE STATE.

LAGRUA, Justice.

Following a 2018 jury trial, Appellant Merrick Redding was found guilty of felony murder and aggravated assault in connection with the death of Joseph Davis.[1] In his first appeal to this Court, we

---

[1] The crimes occurred on September 5, 2016. Redding was arrested for Davis's killing on September 12, 2016. On September 28, 2017, Redding filed a "Motion to Dismiss Charge Based on Violation of Constitutional Right to Speedy Trial." On April 24, 2018, a Muscogee County grand jury indicted Redding for malice murder, felony murder, and aggravated assault with a "closed fist." He was reindicted on the same charges on May 22, 2018. At a trial from October 24 to November 5, 2018, the jury found Redding not guilty of malice murder but guilty of the remaining counts. The trial court orally denied the speedy-trial motion at the pretrial conference and ultimately sentenced Redding to life in prison without the possibility of parole for felony murder and a concurrent term of 20 years to serve in prison for aggravated assault. Redding filed a timely motion for new trial, which the trial court denied on June 4, 2019. Redding filed a timely notice of appeal, and in *Redding v. State*, 309 Ga. 124 (844 SE2d 725) (2020), this Court vacated the trial court judgment and remanded with direction. On remand, the trial court merged the aggravated assault count into felony murder, resentenced Redding to serve life in prison without the possibility of parole for felony murder, and entered its first written order denying Redding's speedy-trial motion. Redding filed a timely notice of appeal, and in *Redding v. State*, 313 Ga. 730 (873 SE2d 158) (2022), this Court again vacated the judgment and remanded with direction. On remand, the trial court entered a second written order denying the speedy-trial motion on March 6, 2023. Redding filed a timely notice of appeal, and the case was docketed to this Court's August 2023 term and submitted for a decision on the briefs.

held that the evidence presented at Redding's trial was legally sufficient to support his murder conviction, but we otherwise vacated the judgment and remanded the case for the trial court to make factual findings and legal conclusions regarding Redding's allegation of a violation of his Sixth Amendment right to a speedy trial.[2] See *Redding v. State*, 309 Ga. 124, 129-130 (3) (844 SE2d 725) (2020) ("*Redding I*").

On remand, the trial court issued a written order denying the speedy-trial motion. Redding filed a second appeal, again contending his speedy-trial rights were violated along with other claims of error. This Court vacated the judgment and remanded the case a second time "because the trial court misstated and misapplied the law regarding the prejudice factor, failed to weigh each *Barker* factor, and conflated its consideration of some of the factors. . . ." *Redding v. State*, 313 Ga. 730, 736 (2) (873 SE2d 158) (2022) ("*Redding II*").

On remand, the trial court entered a second written order

---

[2] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U. S. Const. Amend. VI.

denying the speedy-trial motion. Redding filed his third appeal, presently before the Court, again raising his speedy-trial claim along with other previously unaddressed claims. For a third time, we vacate the trial court's order and remand this case for the trial court to resolve the speedy-trial claim. We will not address the remaining claims of error.

1. A constitutional speedy-trial claim is evaluated under the two-part framework set out in *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SCt 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647, 652 (II) (112 SCt 2686, 120 LE2d 520) (1992). As we explained in *Redding II*,

> [f]irst, the trial court must consider whether the length of time between the defendant's arrest and trial is sufficiently long to be considered presumptively prejudicial. If not, the speedy-trial claim fails at the threshold. A delay of one year or more is typically presumed to be prejudicial. In *Redding I*, we concluded that the presumptive-prejudice threshold was crossed in this case.
> When that threshold is crossed, the trial court proceeds to the second part of the framework, applying a context-focused, four-factor balancing test to determine whether the defendant was denied the right to a speedy trial. These four factors are (1) the length of the delay; (2)

3

the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.

*Redding II*, 313 Ga. at 731-732 (2) (citations and punctuation omitted). Consideration of the *Barker-Doggett* factors "requires courts to engage in a difficult and sensitive balancing process," and the four factors have no "talismanic qualities and must be considered together." *Leonard v. State*, 316 Ga. 827, 839 (6) (889 SE2d 837) (2023) (citation and punctuation omitted).

When reviewing the trial court's weighing and balancing of the factors, this Court

> must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion.

*Henderson v. State*, 310 Ga. 231, 235 (2) (850 SE2d 152) (2020) (citation and punctuation omitted). But in the context of a constitutional speedy-trial analysis, if the trial court's factual findings are clearly erroneous or the trial court "significantly misapplies the law," then "the trial court's exercise of discretion can

4

be affirmed only if the appellate court can conclude that, had the trial court used the correct fact[ual] and legal analysis, it would have had no discretion to reach a different judgment." *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). If the trial court would still have discretion to reach a different judgment, we remand for the trial court to reweigh the factors and exercise its discretion using the correct factual and legal analysis. See *State v. Johnson*, 291 Ga. 863, 868 (3) (734 SE2d 12) (2012).

2. Redding was arrested on September 12, 2016, indicted 19 months later on April 24, 2018, reindicted on the same charges on May 22, 2018, and tried five months later on October 24, 2018. The trial court properly found this cumulative 25-month period was presumptively prejudicial — as we also concluded in *Redding I* — and proceeded to consider the *Barker-Doggett* factors. See *Redding I*, 309 Ga. at 129 (3) (holding the presumptive-prejudice threshold was crossed in this case).

(a)   *The length of the delay.*

The trial court erred by weighing the length-of-delay factor

5

neutrally.

> The length of the pretrial delay *in absolute terms* plays a role in the threshold determination of presumptive prejudice. However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis.

*Ruffin v. State*, 284 Ga. 52, 56 (2) (b) (i) (663 SE2d 189) (2008) (emphasis supplied). While similar, the presumptive prejudice threshold and the length-of-delay factor are separate inquiries. *Ruffin*, 284 Ga. at 57 (2) (b) (i). In considering the length of the delay, a court must consider "whether delay before trial was uncommonly long." *Doggett*, 505 U. S. at 651 (II). "[T]he delay that can be tolerated in a particular case depends to some extent on the complexity and seriousness of the charges in that case," and a delay may be uncommonly long when the case is "not prosecuted with the promptness customary in such cases . . . ." *State v. Buckner*, 292 Ga. 390, 393 (3) (a) (738 SE2d 65) (2013). Uncommonly long delays should generally weigh against the State, at least lightly.[3]

---

[3] Indeed, should the length of the delay cross the presumptive prejudice threshold, a review of our prior decisions shows the length-of-delay factor is

Here, the trial court found the delay was uncommonly long. However, instead of weighing the length-of-delay factor against the State, the trial court examined the reasons for the delay and weighed it neutrally. Specifically, the trial court referenced a backlog at the State Crime Lab and found that the State did not intentionally delay trial, noting that "[b]oth sides requested delays." But the reasons for the delay is its own factor. The length-of-delay factor should consider only the length of the delay itself, not the reasons for it. See *Ruffin*, 284 Ga. at 56 (2) (b) (i) (explaining the length of pretrial delay "in absolute terms" plays a role as one of the four *Barker-Doggett* factors). Because the trial court based the weight of the length-of-delay factor on the reasons for the delay (which is a separate factor), it misapplied the law. The trial court should have weighed the length-of-delay factor against the State.

---

generally weighed against the State — even if the delay is not uncommonly long. See *Williams v. State*, 314 Ga. 671, 678 (4) (a) (878 SE2d 553) (2022) (identifying no error when trial court held 25-month delay was not uncommonly long but nonetheless weighed against State); *Phan v. State*, 290 Ga. 588, 593 (1) (a) (723 SE2d 876) (2012) ("There is no dispute that the . . . delay . . . has crossed the threshold of presumptive prejudice . . . . Further, as the trial court found and the State does not dispute, the length of the delay should be weighed against the State.").

(b)   *The reasons for the delay.*

The trial court also erred by weighing the reasons-for-delay factor neutrally. In considering the reasons-for-delay factor, we have explained that

> the trial court must consider which party was responsible for the delay, whether the delay was intentional, and, if it was intentional, what the motive was for seeking or causing the delay. As to the amount of weight assigned to this factor, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, and an unintentional delay, such as that caused by the prosecuting attorney's mere negligence or the trial court's overcrowded docket, should be weighted less heavily.

*Leonard*, 316 Ga. at 840 (6) (b) (citations and punctuation omitted). "Of course, delay caused by the defense weighs against the defendant." *Burney v. State*, 309 Ga. 273, 287 (4) (b) (845 SE2d 625) (2020) (citation and punctuation omitted).

The trial court found the 25-month delay "between [Redding's] arrest and the date of his trial can . . . be attributed to the need for the State to collect evidence" and "for the court to provide timely trials to other cases. . . ." The trial court also found the State did not

8

deliberately delay indictment or trial. However, the trial court also found "[b]oth sides requested delays," citing March and November 2017 hearings where the trial court claimed defense counsel requested more time to obtain a witness and was not ready for trial. Because the trial court believed the delay was attributed to "[b]oth sides," the trial court weighed the reasons-for-delay factor neutrally.

The trial court's factual finding was clearly erroneous. While Redding did request more time to prepare for his probation revocation at those hearings, he never requested a delay *of trial* at either hearing or anywhere else in the record. Thus, the trial court's reason for weighing this factor neutrally is unsupported by the record. The record shows the reasons for the delay of the trial were solely attributable to the State, so this factor should be weighed against the State. See *Leonard,* 316 Ga. at 840 (6) (b).

(c)    *The assertion of the right to a speedy trial.*

The trial court weighed the assertion-of-right factor neutrally and did not abuse its discretion in doing so. We have explained that this factor

asks whether the defendant asserted the right to a speedy trial in due course. This factor focuses on the timing, form, and vigor of the accused's demands to be tried immediately. Although an accused need not demand a trial at the first available opportunity, his failure to assert his right with reasonable promptness will ordinarily weigh heavily against him.

*Davis v. State*, 315 Ga. 252, 257 (2) (d) (iii) (882 SE2d 210) (2022) (citations and punctuation omitted).

The trial court correctly found that Redding first asserted his right to a speedy trial almost exactly one year after arrest. Prior to that, Redding did not raise any speedy-trial concerns. The trial court also cited a June 2017 letter where defense counsel asked to reschedule a calendar call for unindicted cases because he was on vacation and was not expecting a hearing on an unindicted case,[4] and the trial court again cited the November 2017 hearing in support of its finding that Redding requested trial delays. Ultimately, the trial court weighed the assertion-of-right factor neutrally because the assertion-of-right delay "w[as] not intentional

---

[4] The trial court did not mention the June 2017 letter when examining the reasons-for-delay factor.

10

from either side other than a vacation of [Redding's] attorney."

Although the trial court again made an erroneous factual finding that Redding requested trial delays, the trial court correctly laid out the other facts and reasons behind the one-year delay in filing the speedy-trial motion and based its analysis in large part on those findings. It is undisputed that Redding first raised the speedy-trial issue one year after his arrest. Redding argues that was the earliest he could have raised a constitutional speedy-trial claim because a delay is generally not presumptively prejudicial until at least a year after arrest, and he speculates that a motion to dismiss filed before September 2017 would likely have been denied outright. We disagree. First, while a motion to dismiss may not have been successful prior to the one-year mark, "[i]n order to invoke the right, the accused need not file a formal motion[.]" *Ruffin*, 284 Ga. at 62 (2) (b) (iii). Second, we have rejected the argument that a defendant should wait until the presumptively prejudicial threshold has passed to first assert the speedy-trial right.

Although we have said that a defendant has the

responsibility to assert his speedy trial right once it accrues, we have not equated accrual of the right with the one-year, presumptively prejudicial period of delay that satisfies the threshold inquiry; rather, a defendant may assert his constitutional right to a speedy trial at any time after he is arrested and need not wait until indictment. Indeed, the United States Supreme Court has rejected the notion that the right must be asserted or waived by a precise point in the process.

*Cash v. State*, 307 Ga. 510, 517 (2) (b) (iii) (837 SE2d 280) (2019) (citations and punctuation omitted).[5] Ultimately, the trial court considered Redding's arguments and circumstances and opted to weigh the factor neutrally, and we conclude the trial court did not abuse its discretion by doing so. See *Henderson*, 310 Ga. at 237-238 (2) (c) (concluding that the trial court did not abuse its discretion when it considered the timing, form, and vigor of the assertion and weighed the assertion-of-right factor neutrally when defendant demanded a speedy trial for the first time ten months after

---

[5] We note that both Redding and the defendant in *Cash* had counsel at the earlier points during which they may have asserted their speedy-trial rights. Compare *Cash*, 307 Ga. at 518 (2) (b) (iii) (weighing assertion-of-right factor against defendant who failed to assert speedy-trial right sooner "even though he had the benefit of counsel") with *State v. Alexander*, 295 Ga. 154, 159 (2) (c) (758 SE2d 289) (2014) (agreeing defendant's failure to promptly assert speedy-trial right was partially mitigated by lack of counsel).

12

indictment). Cf. *Cash*, 307 Ga. at 518 (2) (b) (iii) (concluding that the trial court did not abuse its discretion by weighing against defendant his one-year wait to file a speedy trial demand).

(d) *Prejudice.*

The trial court also did not abuse its discretion by weighing the prejudice factor heavily against Redding. As we have explained,

> [t]he prejudice associated with unreasonable delay before trial includes oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence. Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Henderson*, 310 Ga. at 239 (2) (d) (citations and punctuation omitted).

Redding claims potential witness Jerry Ferrell died prior to trial, making the pretrial delay prejudicial to Redding's defense. However, the trial court found defense counsel did not know and could not show how Ferrell's testimony would have assisted

Redding's defense.[6] Further, the trial court found, and Redding does not dispute, that defense counsel met with Ferrell and declined the opportunity to read Ferrell's statement to police into evidence at trial when the trial court so offered. We see no abuse of discretion; Redding failed to show prejudice from Ferrell's death. See *Dillard v. State*, 297 Ga. 756, 761-762 (4) (778 SE2d 184) (2015) (weighing prejudice factor against defendant who "did not demonstrate what that [dead] witness's testimony would have been"); *Fallen v. State*, 289 Ga. 247, 249 (4) (710 SE2d 559) (2011) (concluding witness's death did not prejudice defendant when witness was interviewed on video prior to death, the State stipulated to the video's admissibility, and the interview was largely cumulative of other testimony).[7]

---

[6] Redding was convicted of felony murder predicated on aggravated assault for punching Davis at a Labor Day cookout, which resulted in Davis's death by blunt force head trauma. Ferrell was at the cookout but did not witness the incident; at that moment, he was in a washroom next to the patio where it happened. Redding argued he acted in self-defense, but witnesses testified that Davis did not provoke Redding.

[7] Further, the record is unclear when Ferrell died. The trial court found Ferrell was "still alive one year after the murder" because defense counsel said during an October 2020 hearing that Ferrell died in January 2018. But defense counsel also said at a November 2017 hearing that Ferrell had been dead for over a year, putting Ferrell's death close in time to Redding's September 2016

The trial court concluded its prejudice analysis by noting that Redding did not even raise prejudice based on allegations of oppressive pretrial incarceration or anxiety and concern of the accused. Redding nonetheless argues he was prejudiced by both but presents no specific showing of either. See *Ruffin*, 284 Ga. at 65 (2) (b) (iv) (weighing prejudice factor against defendant who "failed to establish oppressive pretrial incarceration or anxiety and concern beyond that which necessarily attends confinement in a penal institution"). Accordingly, the trial court weighed the prejudice factor heavily against Redding, and we conclude the trial court did not abuse its discretion in doing so.

(e) *Weighing the factors.*

In summary, the trial court weighed factors one, two, and three neutrally, but factor four heavily against Redding. The trial court erred factually and legally and should have weighed factors one and two against the State. We may only affirm the trial court's

---

arrest, which would mean the inability to obtain Ferrell's testimony was not attributable to pretrial delay.

15

conclusion if the trial court would have had no discretion to reach a different judgment other than denying the speedy-trial motion. *Pickett*, 288 Ga. at 679 (2) (d).

While the trial court may be authorized to deny Redding's speedy-trial motion after assigning weight and balancing anew the four factors in accordance with the applicable law and directions outlined in this opinion,[8] we cannot say the trial court is necessarily compelled to do so. This is especially so as the trial court only weighed the prejudice factor against Redding and committed two errors in the State's favor. While "under the circumstances of a particular case, any one factor may be weighty enough to tip the balance" during weighing, *State v. Porter*, 288 Ga. 524, 532 (2) (d) (705 SE2d 636) (2011), "[n]o one element is either necessary or sufficient to conclude that the right to a speedy trial has been violated." *Sweatman v. State*, 287 Ga. 872, 873 (2) (700 SE2d 579)

___

[8] See, e.g., *Henderson*, 310 Ga. at 240 (2) (d) (holding that the trial court acted within its discretion in applying the *Barker-Doggett* factors and committed no clear factual or legal errors when it found no violation of the speedy-trial right after weighing factor one against the State, factors two and three neutrally, and factor four against the defendant).

16

(2010); *Buckner*, 292 Ga. at 393 (3) ("Of these factors, no one is dispositive.").[9]

Accordingly, we vacate the trial court's order denying Redding's speedy-trial motion, and we remand this case again for the entry of an order containing appropriate findings of fact and conclusions of law on the speedy-trial claim. See *Redding II*, 313 Ga. at 736 (2); *Johnson*, 291 Ga. at 868 (3).[10]

*Judgment vacated and case remanded with direction. All the Justices concur.*

---

[9] This is in contrast to the right to a speedy appeal, where, "unlike a speedy trial claim, the failure to show actual prejudice from the delay is fatal to the claim, even when the other three factors weigh in the appellant's favor." *Harper v. State*, 318 Ga. 185, 188 (1) (___ SE2d ___) (2024) (citation and punctuation omitted).

[10] As we explained in his last appeal, "[i]f the trial court denies Appellant's speedy-trial motion, Appellant may file a notice of appeal, and in his new appeal, he may raise again the issues raised in his current appeal that we do not address today, as well as any issue arising from the proceedings on remand." *Redding II*, 313 Ga. at 736 (2) n.11.

Decided February 6, 2024.

Murder. Muscogee Superior Court. Before Judge Peters.

*Kennon Peebles, Jr.*, for appellant.

*Stacey S. Jackson, District Attorney, Frederick Lewis, Sadhana P. Dailey, Assistant District Attorneys; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.